At this term James Livingston was indicted and tried for the offense of having illegally voted at the last general election in Pencader hundred in this county, without having paid a county tax preceding his said voting, assessed and collected within the time limited and prescribed therefor by the laws and the constitution of the State. The evidence on the part of the prosecution was that he voted at that election in Pencader hundred, and that he had never been assessed, and had never paid any such tax, although he was then over the age of twenty-two years.
For the defendant the evidence was that he was a son and one of the heirs-at-law of James Livingston, Sr., deceased, who died several years before that time, intestate, leaving his widow and several other children surviving him, and seized in fee simple of a tract of sixty acres of land in that hundred, which on his death descended to them in coparcenary subject to his widow's, and their mother's, right of dower in it; that she had since his death continued to reside on the land, but not as tenant in dower, or as a tenant otherwise, as no dower had ever been assigned her in any portion of it; and that since his death the land had continued to be assessed in the name of James Livingston, Sr., and was so assessed the last year, and the tax of that year upon it was paid in full by a brother of the defendant to the collector of the hundred before the last election. *Page 110 
that it was not necessary that a poll tax, or a tax on the head or the body of an individual should be assessed and paid to entitle him to vote at such an election, for if the defendant had paid a county tax of any kind assessed and paid within the times respectively prescribed therefor in the constitution, that is to say, having within two years next before the election, paid any such tax, which had been assessed at least six months before it, he was lawfully entitled to vote at the election in question, so far as any tax qualification was required for it. In this case all the county taxes which have been assessed since the death of the father have in effect been assessed against the land owned by the defendant and his other children and heirs-at-law, as coparceners, although during that time it has stood on the assessment lists as the land of James Livingston, Sr., and cases of a similar character have not been unfrequent in this as well as in the other counties. But being a tax on the land, it was also in effect a tax on the then legal owners of it, who since his death have been the heirs and coparceners before referred to, of whom the defendant is one and his brother having paid the whole amount of it to the tax collector, and for which they were all equally liable, it was virtually a payment by the defendant of his proportion of it through his brother acting as his agent for that purpose.
The defendant was acquitted.